(July 2, 1970)

SYLVIA MARTIN, Individually and as Executrix of LESTER MARTIN, Deceased, on Behalf of Herself and Other Stockholders of Bates Manufacturing Company and Windsor Industries, Inc., Respectively, Similarly Situated, and as a Director, and in the Right of Bates Manufacturing Company and Windsor Industries, Inc., Appellant, v. BATES MANUFACTURING COMPANY, Appellant, et al., Defendants. (And Four Other Actions.)

Concur — Stevens, P. J., and Nunez, J.; Eager and McNally, JJ., concur in the following memoranda:

EAGER, J. (concurring). In the special circumstances here, I conclude that the stipulation of discontinuance, without costs, and the release signed by plaintiff were not intended to and did not bar a claim for an allowance for services of the respondent attorneys in the matter of the prosecution of the stockholders' derivative cause of action. In the final analysis, the right of the attorneys to an allowance depended upon whether or not their services had been fully compensated by the previous allowance obtained in the Surrogate's Court proceeding. In this connection, the Referee's report is not helpful. In any event, as is apparent from the findings stated or implicit in the memorandum of the majority, there was at least a prima facie showing that the attorneys sought payment

in the Surrogate's Court proceedings for all the services rendered in this action and received therein an allowance therefor. Certainly, in view of this showing, the attorneys were bound to come forward and establish that they had in fact rendered particular services herein for which they have not received compensation. The general claim of such services and the alleged benefit to the corporation will not support an award to them. Significantly, they have failed to point out and itemize the particular services rendered specially in prosecution of the derivative cause as distinguished from the services which were rendered generally in the prosecution of the action and for which they have been paid. Consequently, I concur in the result, and including also in the modification of the allowance to the Referee.

McNALLY, J. (concurring). I concur on the grounds set forth in the memorandum of the court and with respect to the denial of compensation to counsel on the additional ground that the principal action was discontinued without costs. An award of counsel fees in a stockholders' derivative action is in the nature of costs and where, as in this case, the principal action has been settled and discontinued without costs, an application for counsel fees appears precluded. (*Margarten* v. *Horowitz*, 112 N. Y. S. 2d 24.) Former section 61-a of the General Corporation Law provided for the assessment upon the corporation of attorneys' fees of any party plaintiff. However, since former section 61-a was a codification of the common law, the principles applicable to such allowances survive its repeal. (See annotation to section 64, McKinney's Cons. Laws of N. Y. Book 22, General Corporation Law, cumulative annual pocket part 1969–1970, p. 202.) Moreover, the limited consent of the plaintiff does not affect the rights of the defendant corporation under the stipulation of discontinuance. She cannot bind Bates Manufacturing Company, the only defendant cast in judgment, and as far as Bates Manufacturing Company is concerned, the case was ended with the stipulation of discontinuance with regard to counsel fees. While this stipulation stands there can be no application for counsel fees. This aspect of the case is precluded.