**PARKER CHAPIN FLATTAU & KLIMPL, Plaintiff,**

v.

**Seymour BLACKMAN, Sol Silverang, Premo Pharmaceutical Laboratories, Inc., Federal Pharmacal, Inc., Koro Company, Inc. and Premo International Sales, Inc., Defendants.**

No. 81 Civ. 8102 (RWS).

United States District Court, S.D. New York.

June 17, 1983.

*American Distilling Co.,* 570 F.2d 848, 854 (9th Cir.1977), *cert. denied,* 439 U.S. 829, 99 S.Ct. 103, 58 L.Ed.2d 122 (1978).

Parker Chapin Flattau & Klimpl, plaintiff pro se, New York City by Joel M. Wolosky, Lee W. Stremba, New York City, of counsel.

Lipkowitz & Plaut, Seymour Blackman and Sol Silverang, New York City, for defendants by Gerald D. Roth and Peter P. Kenny, New York City, of counsel.

Walter, Conston, Schurtman & Gumpel, P.C., for defendants Premo Pharmaceutical Laboratories, Inc. and Federal Pharmacal, Inc., New York City by David B. Wolf and Eric J. Stenshoel, New York City, of counsel.

## OPINION

SWEET, District Judge.

Presently pending is the motion of defendants Premo Pharmaceutical Laboratories, Inc. ("Premo") and Federal Pharmacal, Inc. ("Federal") pursuant to Fed.R.Civ.P. 50(b), for judgment notwithstanding the verdict rendered in favor of Parker Chapin Flattau & Klimpl ("Parker Chapin") for its fees and disbursements in the amount of $97,321.71. Parker Chapin opposes the motion as do the individual defendants Seymour Blackman ("Blackman") and Sol Silverang ("Silverang"). For the reasons set forth below, the motion will be granted and judgment entered dismissing the complaint against Premo and Federal.

The issue raised by the motion is easy to state but difficult to determine as a result of the complicated nature of the relationship of the parties. Was the action commenced by Parker Chapin on behalf of Blackman and Silverang in the course of a corporate control contest a derivative action under the New York Business Corporation Law ("B.C.L.") § 626 or an action by or on behalf of the corporation brought by officers or directors under B.C.L. § 720? The action in which Parker Chapin performed services was settled after Parker Chapin had been discharged. No payment of counsel fees was sought or obtained in the course of its discontinuance. Because I conclude the action was derivative in nature, under B.C.L. § 626, court approval for any counsel fees was required and cannot now be obtained against Premo and Federal, the stock of which was sold by the individual defendants and others to the Lemmon Company ("Lemmon") after the resolution of the control contest. To sort out the relationship of the parties a recital of the undisputed facts as established in the five-day jury trial is required.

Prior to the spring of 1981, Premo, its subsidiary Federal and related companies Koro Company, Inc. ("Koro") and Premo International Sales, Inc. ("International"), were in the pharmaceutical business. The shares of Premo were wholly owned by Blackman, his two sons, John and Steven, and Silverang, and the four men were directors and officers. A shareholder's agreement among the four required unanimity for any action by the board of directors of Premo.

A dispute arose between Blackman and his two sons over control and operation of the companies, exacerbated to a substantial

degree by the employment and subsequent discharge of one of the sons' wives and the ownership of Premo shares previously held in the name of Blackman's wife prior to her death. In addition there were substantial differences relating to corporate operations. Also, Blackman believed that one of the sons had used corporate assets for his own personal benefit. These matters came to a head in the early spring of 1981, the sons were discharged, control over corporate accounts and office was at issue, and Blackman and Silverang consulted and then engaged Parker Chapin to take whatever measures were required to obtain control of the corporations. Parker Chapin was retained by all the defendants, corporate and individual.

An action was commenced in the Supreme Court of the State of New York, County of New York, on March 19, 1981, entitled "Seymour Blackman and Sol Silverang, each one individually and derivatively on behalf of Premo Pharmaceutical Laboratories, Inc., Federal Pharmacal, Inc., Koro Company, Inc. and Premo International Sales, Inc. v. John Blackman and Steven Blackman." The complaint described the 1979 shareholders agreement as well as the sons' alleged intention to violate the shareholders agreement and oust Blackman and Silverang as directors and officers. In addition, a conspiracy by the defendants to interfere and damage the interests of the corporate defendants and the shareholders and to commit various alleged tortious and improper acts which were calculated to "disrupt . . . the business of the plaintiff corporations, divert the efforts of employees . . . injure the credit . . . and deplete the assets of those companies" was alleged. Paragraph 23 recited that:

> No demand has been made on the boards of directors of the plaintiff corporations because such demand would be futile in that one or both of the defendants are members of the boards of those companies.

Relief sought included an injunction against waste, conversion, or interference, as well as the noticing or conducting of any shareholder's meeting. Also, the return of books and records, an accounting, and costs and disbursements were sought.

Although motion practice ensued, including a motion by the defendants to realign the parties, no decision on the merits or on the preliminary relief sought was obtained. The court did, however, issue a temporary restraint. Litigation was also undertaken in New Jersey concerning control over certain corporate accounts. Again, no decision was reached on the merits but the New Jersey court barred the use of corporate funds in connection with the New York litigation. Certain corporate funds already paid to Parker Chapin were returned, and demand was made upon the individual defendants.

By the summer the parties to the contest had determined that the appropriate solution to their impasse was the sale of their stock to a third party, negotiations were undertaken, and an agreement to sell the Premo shares owned by the Blackmans and Silverang to Lemmon was entered into. Parker Chapin performed some services in connection with the sale.

Parker Chapin sought payment for its outstanding statements for services rendered. A dispute developed concerning the propriety of the fees claimed and Parker Chapin's insistence that the liability created was joint and several and that no allocation of the respective fees owed could be made between the parties. Parker Chapin was discharged, the sales agreement with Lemmon was completed and the action initiated in March, 1981 was discontinued by stipulation on December 15, 1981. No application for counsel fees was submitted and none were approved.

No evidence has been cited by the parties on this motion nor was any adduced at trial concerning any provision in the sales agreement with Lemmon which dealt with any liability for Parker Chapin's services. One of the Parker Chapin attorneys, Alvin Stein, testified that it was not possible to differentiate between services rendered for the individuals and the corporations for the purposes of allocation.

Failing to obtain payment on its statements, Parker Chapin commenced this diversity action, which was tried to a jury in January, 1983. The jury rendered a Special Verdict which is set forth as Appendix A. All that remains is the instant motion.

The complaint filed by Parker Chapin in the New York State court action described the corporate plaintiffs and, except as stated in the caption, described the individual plaintiffs only as shareholders, although it alleged that the defendants intended the ouster of Blackman and Silverang as officers and directors. The relief sought is typical of that sought in a shareholders derivative action, an injunction against the allegedly improper conduct, an accounting for waste, and costs and expenses. There is no allegation that the action was brought by an officer or director on behalf of the corporation under B.C.L. § 720, nor by a shareholder under B.C.L. § 626. Aside from the alignment of the corporations as plaintiffs, rather than nominal defendants, the complaint in form sets forth a typical derivative action. The New Jersey court so regarded it by not permitting the use of corporate funds to prosecute the action. Indeed, the only reason to include the futility of demand allegation is to comply with B.C.L. § 626(c), which requires such an allegation where demand has not been made.

■ What is certain is that under B.C.L. § 626(e) court approval is required before the payment by the corporation of counsel fees in a derivative action and that no such payment was authorized. Further, the New York cases teach that in a derivative action that is discontinued by stipulation "without costs," as this one was, counsel fees may not be awarded thereafter. *Margareten v. Horowitz*, 112 N.Y.S.2d 24, 26 (Sup.Ct. New York County 1952). *See In re Martins Will*, 35 A.D.2d 513, 515, 312 N.Y. S.2d 51, 54–55 (1st Dept.1970) (McNally, J., concurring), *aff'd*, 29 N.Y.2d 806, 327 N.Y. S.2d 366, 277 N.E.2d 413 (1971). Quite obviously there was no benefit to be derived by the shareholders of the companies after the acquisition of the stock from the Blackmans and Silverang, whatever the situation

might have been before that transfer. There is nothing in this record to indicate that the sale price was discounted for the amount of fees claimed by Parker Chapin.

■ The purpose of requiring court approval for attorneys fees in derivative actions is too well known and well recognized to require comment. One shareholder must not be required in an appropriate case to assume the burden for providing a benefit for all. *See Jones v. Uris Sales Corp.*, 373 F.2d 644 (2d Cir.1967). It is in order to properly perform the benefit analysis among others that the court having jurisdiction of the derivative action must determine both the benefit to the corporation and the propriety of the fee. There can be no dispute that the state action was brought by Blackman and Silverang as shareholders, and perhaps as an afterthought was treated as a suit by officers and directors and the corporation under B.C.L. § 720.

Even if Blackman and Silverang as officers and directors of the corporations were entitled to initiate the state court action, they could not commit the corporations to the payment of fees. For corporation action, unanimity of the directors was required under the shareholders agreement and was impossible, two directors having determined to sue two others. Although the making of the commitment by an appropriate officer, Seymour Blackman, was found by the jury to have been made, as a contested issue of fact, his authority to make such a commitment is a matter of law properly for the court. Under the circumstances that authority did not exist. Furthermore, neither Blackman nor Silverang could bind the corporations to pay the legal fees for a lawsuit that they were prosecuting, whether they were doing so in their capacities as shareholders under section 626 or in their capacities as officers or directors under section 720.

No effort was ever made to collect from the other shareholders, that is, John and Steven, their aliquot share of the benefit to the corporation which might have been

claimed to have arisen as a result of the state court action.

▮ Putting it differently, the powers of officers and directors under § 720 to sue do not include necessarily a grant of authority to commit the corporation to payment. Indeed in the peculiar circumstances of this case, brought on perhaps by Parker Chapin's inability and unwillingness to differentiate between corporate and individual liability, the Lemmon shareholders should not pay for Blackman's failure to press his claim for attorneys fees either as against his corporate co-plaintiff or as against the other shareholders, the defendant sons. Further, while reimbursement of the legal fees incurred by officers or directors in prosecuting an action under section 720 is authorized, albeit not by statute, under New York law, *see* 3 *White on New York Corporations* § 720.03 at 7–278.2 to –279 (1983), the same rule should apply as in shareholder derivative actions; i.e. such reimbursement should be sought in the court having jurisdiction of the action, for that is the court best equipped to assess the degree of success and the bona fides of the action. *See id.* Under these circumstances, § 720 and § 626 should be read together to defeat Parker Chapin's claim against the corporate defendants.

For the foregoing reasons the motion by Premo and Federal for judgment notwithstanding the verdict is granted.

Submit judgment on notice within ten (10) days from the date of this opinion.

IT IS SO ORDERED.

### APPENDIX A

#### SPECIAL VERDICT FORM

1. Did any of the following defendants agree to pay Parker Chapin for legal services rendered on their behalf?

   Indicate "Yes" or "No":

   | | |
   |---|---|
   | Seymour Blackman | Yes |
   | Sol Silverang | Yes |
   | Koro Company, Inc. | Yes |
   | Premo Pharmaceutical Laboratories | Yes |
   | Federal Pharmacal, Inc. | Yes |

   If your answer is "Yes" to one or more, go to question 2.

   If your answer is "No" as to all defendants, STOP, do not answer any further questions.

2. What is the total amount owed to Parker Chapin?
   $97,321.71
   Go on to question 3.

3. Did the individual defendants agree to be jointly and severally liable with the corporations?
   Yes ___X___          No _____
   If your answer is "Yes," STOP, and do not answer any further questions.
   If your answer is "No," go on to question 4.

4. What amount is owed to Parker Chapin by each of the defendants for the performance of services on their behalf?
   Seymour Blackman $_____
   Sol Silverang $_____
   Koro Company, Inc. $_____
   Premo Pharmaceutical Laboratories, Inc. $_____
   Federal Pharmacal, Inc. $_____

5. What amount, if any, is owed by Parker Chapin to Silverang and Blackman on their counterclaims?
   Silverang                    $_____
   Blackman                    $_____
   STOP. Sign the form and advise the Marshall that your deliberations have been completed.

_____
FOREMAN